Gounaris v. Pavlakos et al., 202 Ill. App. 268.

ter's wife, and the evidence showed that the defendant repudiated the alleged arrangements, never received the purchase price and never parted with possession of the goods, *held* that a judgment for the defendant was proper.

---

## Perciles C. Gounaris by George C. Gounaris, Appellee, v. Louis Pavlakos and Tony Kascos, Appellants.

### Gen. No. 21,921.

1. ESTOPPEL, § 16*—*when judgment in attachment suit is a bar to bill in equity.* A judgment against a plaintiff, a minor, in an attachment suit, brought against two defendants, one of whom had been dismissed from the suit before judgment, *held* a bar to a bill in equity against the defendant in whose favor the judgment in said suit had been rendered, who was joined with the defendant who had been dismissed from the attachment suit, seeking to have annulled a partnership agreement between the complainant and defendant, who had been dismissed from the attachment suit, and for the cancellation of certain notes and mortgages, the two suits involving the same questions and relief and the liability of the defendants, even though joint, being also several under the statute.

2. ESTOPPEL, § 16*—*what essential to estoppel by judgment.* It is no objection to the operation of a judgment, rendered in a former action as an estoppel, that the former action included some parties who are not joined in the second action or vice versa, provided the judgment in the former action was rendered on the merits and provided the cause of action in both cases is the same and the party against whom the estoppel is set up was actually a party to the former litigation.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed with directions. Opinion filed December 19, 1916.

MORGAN & McFARLAND, for appellants.

BEAUREGARD F. MOSELEY, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a bill in chancery brought in behalf of Perciles C. Gounaris, a minor, against appellant Pavlakos and one Kascos seeking the annulment of a certain partnership agreement between the minor and Kascos, and certain notes, mortgage, etc., pertaining to the transaction, and an accounting and recovery of $276 in money paid out by the minor to the defendants in connection therewith. Both defendants answered. Pavlakos set up among other defenses that previous to filing the bill an attachment suit was brought in the Municipal Court of Chicago in behalf of said minor against these defendants for the sum of $376, that the demand grew out of the same transaction and involved the same subject-matter as in said bill, that the suit was dismissed as to Kascos, and that as to Pavlakos there was a trial of the issues resulting in a finding and judgment against plaintiff.

Upon the issues thus made the cause was referred to a master in chancery to take proofs and report the same with his conclusions of law and fact. He found the facts as to such attachment suit to be as pleaded in appellant's answer, and found that the judgment therein was a bar to the bill so far as Pavlakos was concerned, but not as to Kascos, and recommended dismissal of the bill for want of equity as against the former and a decree for the sum of $276 against the latter. The report coming before the chancellor on exceptions thereto, a decree was entered to the effect that said attachment suit was not a bar and that complainant recover said sum from both defendants, from which Pavlakos appeals.

The only question for review is whether the conclusion of the master or court was correct as to the effect of the judgment in the attachment suit. Do the facts bring the case within the doctrine of estoppel by verdict? (*City of Chicago v. Partridge*, 248 Ill. 442;

*Wright v. Griffey,* 147 Ill. 496; *Hanna v. Read,* 102 Ill. 596.) They seem to, unless affected by the absence of exact identity of parties in both suits, which is not always essential to the doctrine. (*Hanna v. Read, supra; Rohn v. Rohn,* 117 Ill. App. 512; Wells on Res Adjudicata, 19; 23 Cyc. 1112.) While its application to cases where the parties to one suit are not all the parties to the other may depend on varying circumstances and distinctions, yet it is generally true, as stated in 23 Cyc. 1112, that "it is no objection to its operation as an estoppel that the former action included some parties who are not joined in the present suit or vice versa, provided the judgment was rendered on the merits * * *, and provided the cause of action in the two suits is the same, and the party against whom the estoppel is set up was actually a party to the former litigation." These three conditions were present in both cases. The different form of the two proceedings, the fact that this is a suit in chancery and the other was one at law, affords no ground for distinction in the instant case. For it is clear that as the relief given in this suit was not peculiar to equity nor dependent on the enforcement of equitable principles, it being nothing more than a judgment for money had and received of a minor on disaffirmance of his contract, the decree involved nothing more or less than an adjudication of the same question that was decided in favor of Pavlakos in the attachment suit. Both suits grew out of the same transaction, and, so far as the sum sued for in the lawsuit and decreed to be paid in this is concerned, involved merely the right to withhold the sum paid by a minor in a transaction he had disaffirmed. Hence the dismissal of Gascos out of the lawsuit did not render the judgment therein any less binding as an adjudication of that question between the minor and Pavlakos. Both suits reduced themselves to the determination of the same question so far as the minor and appellant were concerned, and

it was immaterial to an adjudication of its merits that the latter was subsequently sued with another party for the same matter. Even if there was in fact a joint liability of the parties sued yet it was also several, under the statute, on the facts disclosed in the record. There are no features of this case that take it out of the operation of the rule above cited. Accordingly the decree will be reversed with directions to dismiss the bill for want of equity as to Pavlakos.

*Reversed with directions.*