(No. 21012.—

EDITH M. NEILL, Appellant, *vs.* MINNIE B. CHAVERS *et al.* Appellees.

*Opinion filed April 23, 1932.*

ARTHUR A. LIEBERMAN, for appellant.

ADAMS, BAKER & PAYNE, (GEORGE C. ADAMS, of counsel,) for appellees.

Mr. COMMISSIONER PARTLOW reported this opinion:

On November 5, 1930, appellant, Edith M. Neill, began an action of ejectment in the circuit court of Cook county against appellees, Minnie B. Chavers and P. W. Chavers, husband and wife. There was a trial by the court without a jury and a finding in favor of appellees, judgment was entered upon the finding, and an appeal was prosecuted to this court.

To the declaration appellees filed a plea of non-assumspit, upon which issue was joined. Later they filed a plea of *res judicata,* to which a demurrer was sustained. Just before the trial they filed a plea of estoppel by verdict, in which they alleged that on June 6, 1928, appellant filed a forcible entry and detainer suit in the municipal court of Chicago against appellees after the service of a declaration of forfeiture on them under a written contract for the sale

of the property in question; that after the evidence was heard in that case appellant made a motion for a directed verdict, which motion was overruled; that the court instructed the jury, two of which instructions were set out in the plea; that the jury returned a verdict in favor of appellees; that the judgment entered upon the verdict is in full force and effect; that subsequently appellant began another forcible entry and detainer suit against appellees in the municipal court of Chicago and appellees filed a plea of *res judicata,* which plea was sustained by the court; that the two forcible entry and detainer suits were between the same parties and were for the same cause of action as the suit in ejectment in this case, and that by the judgment in the first case appellant in this case is estopped by verdict from proceeding with the present case.

The evidence shows that appellant was the owner of the real estate in question in the city of Chicago. She proved her title by deeds from her father, mother and brother and their grantors. On September 17, 1923, she entered into a written contract with Roy Hasty to convey the real estate to him for $6500. Five hundred dollars was paid in cash and the balance was to be paid at the rate of $50 per month until the whole amount was paid. Hasty was to pay all taxes, and if default were made upon the contract it was to be forfeited and the amount paid was to be retained as damages. Hasty entered into possession of the property under his contract. On May 20, 1925, he and his wife by quit-claim deed conveyed their interest under the contract to appellee Minnie B. Chavers, and she and her husband went into possession and have been in possession since that time. There was paid on the contract $2900. The last payment was in January, 1928. When the contract was entered into there was a trust deed on the real estate for $3500. It was dated July 30, 1923, and was due in five years. On November 26, 1928, appellant paid the amount due on this trust deed and it was released. The

taxes were not paid for 1924 and for each succeeding year until 1928, when the premises were sold and tax deeds were issued thereon or the premises were forfeited to the State. On July 21, 1930, notice was served by appellant upon appellees that $2120.25 was due under their contract and demand was made for payment and for the performance of other obligations under the contract, and appellees were notified that in default thereof the contract would be forfeited. Nothing was paid after this notice was served and a demand for possession was made upon appellees, but they did not surrender possession or pay anything on account.

The plea of estoppel by verdict is based upon the following alleged facts: Appellees contend that at the time the contract of sale was transferred to them appellant promised to execute a deed to them when $2500 was paid upon the contract; that they paid $2500 and demanded a deed but appellant refused to execute it; that they then paid an additional $600 and demanded a deed, which was refused, and that they refused to pay any further sum until the deed was executed. Appellant admits that there was some conversation on this point but denies that she agreed to execute a deed when $2500 was paid. Appellees contend that the question of the execution of a deed upon the payment of $2500 was raised in the municipal court in the first forcible entry and detainer suit; that upon this issue testimony was offered on both sides, the jury was instructed upon this question and found in favor of appellees, and that this finding was material, conclusive and a bar to the ejectment suit. Appellant contends that the judgment in the first forcible entry and detainer suit is not a bar to the ejectment suit because the issues were not the same in the two cases, and that appellees failed to prove the allegations of their plea by competent evidence.

The general rule is that a judgment in an action of forcible entry and detainer cannot be pleaded as a bar to a suit in ejectment for the reason that the questions involved

in the two proceedings are not identical. In an ejectment suit the question of title is involved, while in an action of forcible entry and detainer the right to possession is involved. (*Sands* v. *Kagey,* 150 Ill. 109; *Riverside Co.* v. *Townshend,* 120 id. 9; *Equitable Trust Co.* v. *Fisher,* 106 id. 189.) There are exceptions, however, to this rule. Where some specific, material fact has been adjudicated and determined in a former suit and the same fact is again put in issue in a subsequent suit between the same parties, the determination of such fact in the former suit, if properly presented and relied upon, is conclusive upon the parties in the later suit without regard to whether the cause of action is the same in both suits. (*Mahannah* v. *Mahannah,* 292 Ill. 133; *Chicago Title and Trust Co.* v. *Moody,* 233 id. 634; *Attorney General* v. *Chicago and Evanston Railroad Co.* 112 id. 520; *Tilley* v. *Bridges,* 105 id. 336; *Hanna* v. *Read,* 102 id. 596.) A forcible entry and detainer judgment is not an adjudication of a title and does not operate as an estoppel except as to the questions actually litigated and determined in the case. (*Chicago Terminal Railroad Co.* v. *Barrett,* 265 Ill. 46.) Where a judgment is pleaded or offered in evidence in bar of a claim and it is uncertain from the record what was adjudicated at the time the judgment was entered, parol evidence is admissible to show what matters were in controversy, what testimony was given and what questions were submitted to the court for its determination at the time the judgment was entered, but such evidence will never be received for the purpose of impeaching or contradicting the record. (*Rubel* v. *Title Guaranty and Trust Co.* 199 Ill. 110; *Wright* v. *Griffey,* 147 id. 496; *Palmer* v. *Sanger,* 143 id. 34; *Chicago, Burlington and Quincy Railroad Co.* v. *Schaffer,* 124 id. 112; *Gray* v. *Gillilan,* 15 id. 453.) The burden of establishing an estoppel by verdict is upon the party invoking such estoppel. (*Williams* v. *Williams,* 265 Ill. 64; *Young* v. *People,* 171 id. 299; *Sawyer* v. *Nelson,* 160 id. 629.) In this case no part

of the record in the first forcible entry and detainer case in the municipal court was offered in evidence. Appellees sought to establish the facts alleged in their plea of estoppel by verdict solely by the cross-examination of appellant and by having the court call her as a witness; also by the evidence of the attorney for appellees, who testified as a witness without withdrawing from the case as an attorney. Appellant testified on cross-examination that she brought a forcible entry and detainer suit on June 6, 1928, after serving a declaration of forfeiture and a demand for possession of the premises in question; that she began another suit on November 6, 1930, and that appellant was the plaintiff and appellees were the defendants in these cases. She testified to certain conversations between her and appellees relative to a deed being executed when $2500 was paid, and that evidence relative to this fact was admitted in the first trial. It was stipulated that a plea of *res judicata* was filed in the second case. The attorney for appellees testified that he represented them in a suit filed on June 2, 1928, and returnable on June 12, 1928, and that the case was tried on November 28, 1928; that appellant testified in that case in the municipal court of Chicago, and that a jury was impaneled and evidence was heard and a verdict of not guilty was returned. He testified to what the brother of appellant, and P. W. Chavers, one of the appellees, testified to relative to the execution of a deed on the payment of $2500. He testified that at the conclusion of the evidence counsel for appellant asked for a directed verdict, and the court announced that he would let the case go to the jury on the question as to whether there was an agreement to execute a deed when $2500 was paid; that the court instructed the jury with reference to such an agreement, and the attorney read from two of the original instructions, neither of which was offered in evidence. He testified that no other instructions were given for appellees but that other instructions were given for appellant, and that the instructions given

were in writing. He testified that Chavers was in the court room at the time witness testified.

This is the substance of all of the evidence offered by appellees in support of their plea of estoppel by verdict. The plea alleges that the first forcible entry and detainer suit was filed on June 6, 1928; that the jury returned a verdict of not guilty; that a motion for a new trial was made by appellant and overruled; that a judgment was entered upon the verdict; that no appeal was prosecuted to review the judgment; that the judgment was never reversed by any court of competent jurisdiction, and that the judgment is now in full force and effect. All of these allegations were essential in order to make a good plea of estoppel by verdict, and the burden was upon appellees to prove each of these allegations. The evidence of the attorney for appellees is that the suit which he refers to was filed on June 2, 1928. The first forcible entry and detainer suit, as a matter of fact, was filed on June 6, 1928. There is no evidence to explain this discrepancy in dates. There is no evidence in this case, either documentary or oral, that a motion for a new trial was made and overruled, or that a judgment was ever entered upon the verdict, or in whose favor it was or what its provisions were. There is no evidence that an appeal was or was not prosecuted to reverse the judgment, or that the judgment was affirmed or reversed, or that it is now in full force and effect. In the absence of proof of these essential facts the plea of estoppel by verdict was not sustained by the evidence and the court was in error in rendering judgment in favor of appellees.

The judgment is reversed and the cause is remanded to the trial court.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*