Phillip L. Reilley and Harvey H. Reilley, Copartners, Trading as Reilley Brothers, Appellants, v. Agricultural Insurance Company of Watertown, New York, Appellee.

Heard in this court at the May term, 1941. Opinion filed October 27, 1941.

WILLIAM P. BOYNTON and GREEN & HOAGLAND, all of Alton, for appellants; J. J. MIDDLETON, of Alton, of counsel.

SAMUEL LEVIN, of Chicago, WALTER J. CHAPMAN, of Alton, and HARRY R. BEGLEY, of Chicago, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an action at law upon a policy of insurance to recover for a fire loss, brought by appellants (hereinafter designated as plaintiffs) against appellee (hereinafter designated as defendant). The trial court entered judgment against plaintiffs and in bar of their action, from which judgment this appeal is prosecuted. The suit in the lower court was instituted prior to the adoption of the present Civil Practice Act, and the former practice was followed with reference to the pleading and procedure in the trial court.

The declaration filed by plaintiffs alleges the making of a contract whereby defendant insured certain property of plaintiffs' against loss by fire; that such loss did occur, and defendants have refused to pay; that plaintiffs have complied with certain specified conditions precedent entitling them to recovery. Said contract of insurance is set forth *verbatim* in the declaration, and provided among other things, that, in the event of a loss, the amount of which could not be agreed upon by the parties, each side should select a disinterested appraiser, and said appraisers so selected should within 15 days select an umpire. In case the appraisers were unable to agree upon an umpire then application could be made to a judge of a court of record in the county for the appointment of such umpire.

The declaration further avers that following the loss the parties were unable to agree as to the amount and entered into an agreement for the selection of ap-

praisers and an umpire, and to abide by the award of any two thereof; that said appraisers were so selected, and negotiations opened to select an umpire, but being unable to agree thereof within 15 days, as provided by the policy, the plaintiff made application to the city court of Alton for the appointment of an umpire; that said court appointed one Robert Davis, as said umpire, but that the appraiser selected by defendant refused to participate with plaintiffs' appraiser and the umpire so selected; whereupon plaintiffs' appraiser and the umpire made an award of $5,286.

The declaration then avers that immediately thereafter defendants filed a bill of complaint in equity in the Federal district court to enjoin plaintiffs from suing upon said award and from taking any steps in connection with the enforcement thereof or of the policy of insurance, and further prayed that the policy be declared void for fraud.

It next alleged that after a hearing on the merits before the master in chancery, it was found that the appointment of the umpire by the city court of Alton was a judicial act and defendant was entitled to notice of plaintiffs' application thereof, and that consequently the appointment of the umpire without notice was void and the award made was set aside and plaintiffs enjoined from attempting to enforce the same; that the Federal district court declined to declare the policy void, and the master in chancery subsequently found that it was in full force and effect, and that plaintiffs were not guilty of such fraud as to vitiate the policy.

It is then alleged that after the entry of the decree in the Federal district court, plaintiffs advised defendant of their selection of a new and disinterested appraiser, but received no reply thereto; that subsequently they advised defendant again of their selection of a new and disinterested appraiser, but the defendant declined to participate in any appraisement. Damage was claimed in the amount of $2,999.

To the declaration of plaintiffs, defendant filed a plea of the general issue and various special pleas, of which only pleas 31, 32 and 33 are involved in this appeal. Each of these pleas sets forth the policy provision as to appraisal and the provision prohibiting suit unless the assured had complied with all the policy requirements. The pleas alleged that it was determined by an action brought on May 15, 1928, by defendant against plaintiffs, in the United States District Court; that following the alleged loss defendant requested an appraisal, but due to the acts and conduct of plaintiffs the appraisal failed and was rendered impossible; wherefore this action was not sustainable.

The case was submitted to the trial court upon three exhibits for the defendant, its bill of complaint filed in the district court, report and findings of the special master of said court and the order of the district court entered February 20, 1932, and the decree entered March 23, 1932.

In contending that the court erred in finding the issues in favor of defendant, plaintiffs argue that the appraisement did not fail except through the refusal of defendant to submit the issues to appraisement; that the chancellor in the Federal court never did formally approve the report of the master, which report found that plaintiffs' appraiser was not a disinterested person, but merely overruled the exceptions of the parties filed thereto; that the decree merely found that the award was void for want of service upon defendant in applying to the judge of the city court of Alton for the appointment of the umpire; and because thereafter plaintiffs submitted the name of a new appraiser to defendant with the request that an appraisement be had and defendant after a second request declined to select an appraiser plaintiffs had complied with all requisite conditions precedent, and was entitled to sue upon the policy. We are not constrained so to hold.

The law is well settled in Illinois that where a fact material to the determination of a cause has been ad-

judicated in a former suit before a court of competent jurisdiction and the same question is again at issue between the parties, its adjudication in the first case will be conclusive. *Hanna v. Read,* 102 Ill. 596; *In re Estate of Stahl,* 227 Ill. 529; *People ex rel. Carr v. Psi Upsilon Fraternity,* 324 Ill. 540; *Healea v. Verne,* 343 Ill. 325; *Little v. Blue Goose Motor Coach Co.,* 346 Ill. 266.

Regardless of whether the decree of the Federal court could be construed as finding that plaintiffs' appraiser was not disinterested, there is sufficient finding in that decree that the appraisement failed because of the fault of plaintiffs. The decree recites: ''. . . that the award so found and return by said Rubenstein and said Davis purporting to act as such appraiser and such umpire, respectively, and purporting to appraise and fix the sound value of said property in the sum of five thousand two hundred fifty-eight dollars ($5,258.00) and the loss and damage sustained by said Reilley Brothers thereto in the sum of five thousand and two hundred fifty-six dollars ($5,256.00) was illegally and unlawfully procured and the same is illegal and is hereby set aside and declared null and void and of no force and effect as not having been made in compliance with the terms, conditions and provisions of said insurance contract with respect to the appointment of appraisers and selection of an umpire and the ascertainment of such loss and damage.''

The language of the decree that the award ''was illegally and unlawfully procured'' was sufficient basis for the trial court to hold that the first appraisal had failed through the fault of the plaintiffs, and it so having failed through their fault, defendant did not have to submit to a second appraisal. *Niagara Fire Ins. Co. v. Bishop,* 154 Ill. 9; *Hanover Fire Ins. Co. v. Drake,* 170 Va. 257, 196 S. E. 664; *Norwich Union Fire Ins. Society v. Cohn,* 68 F. (2d) 42 (C. C. A. 10th), cert. denied 291 U. S. 665, 78 L. Ed. 1056, 54 Sup. Ct. 440;

*Aetna Ins. Co. v. Hefferlin,* 260 Fed. 695 (C. C. A. 9th). In *Niagara Fire Ins. Co. v. Bishop, supra,* the Supreme Court said, "It was said, in *Davenport v. L. I. Ins. Co.,* 10 Daly 535 that, upon the failure of the appraisers to agree upon an umpire, it is the duty of the insured at least to propose to the company the selection of new appraisers. We are unable to subscribe to this doctrine, so far as the policy, upon which the present suit has been brought, is concerned. The contract here only requires the parties to choose appraisers once, and not twice."

We do not think it was the duty of defendant in the instant case to submit to a second appraisement of the loss. Having once, in good faith undertaken to have an estimate of the amount of the loss made by appraisers appointed pursuant to the terms of the policy and the appraisement having been defective and invalid, through having been illegally and unlawfully procured, defendant was not obliged to join in an attempt to have another appraisement. The policy required it to perform its duty in that regard under the condition in the policy only once.

In addition thereto the request for the second appraisal was made four years and eleven months after the loss and more than eight months after the decree of the Federal court. Surely after the lapse of so long a period of time, the property, which was the subject matter of the loss, would be in such condition that an appraisal would be an idle ceremony. Neither party can be required to await indefinitely the pleasure of the other in the matter of demanding such appraisement. It is well established that the request for an appraisement must be made within a reasonable time. *Langsner v. German Alliance Ins. Co.,* 67 Misc. Rep. 411, 123 N. Y. S. 144; *Morley v. Liverpool & London & Globe Ins. Co.,* 85 Mich. 210, 48 N. W. 502; *Dun v. Germainia Ins. Co.,* 8 Ohio N. P. 612, affirmed without decision 52 Ohio St. 639, 44 N. E. 1139; 29 Am. Jur., Ins., sec. 1245,

p. 930; *Chainless Cycle Mfg. Co. v. Security Ins. Co.*, 169 N. Y. 304.

The policy sued upon, provided: "No suit or action on this policy or for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements. . . ." The record shows that the plaintiffs had not complied with all the requirements of the policy, and we find no error in the action of the lower court in entering judgment in favor of defendant, and in bar of action against plaintiffs. The judgment of the trial court should and will be affirmed.

*Affirmed.*