THE CHICAGO TITLE AND TRUST COMPANY, Trustee, Appellee, *vs.* WALTER I. MOODY, Appellant.

*Opinion filed April 23, 1908.*

RES JUDICATA—*when a bankruptcy trustee's right to assets is settled by former decree.* A decree in an interpleader proceeding which makes a trustee in bankruptcy and a transferee of the bankrupt's assets parties defendant, and finds that the bankrupt was insolvent at the time of the transfer, that the transferee had notice of such fact and that the trustee is entitled to the particular asset involved, is conclusive, under the rule of estoppel by verdict, of the trustee's right to other assets which were transferred as a part of the same transaction, when that question is raised in a subsequent suit between the trustee and the transferee.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. C. BARNES, Judge, presiding.

This was an action of assumpsit commenced by the appellee, as trustee in bankruptcy of the Moody-King Company, against the appellant, in the superior court of Cook county, to recover the value of certain assets transferred to the appellant by the Moody-King Company on January 12, 1903. The appellee recovered a verdict for the sum of $4000, upon which the court rendered judgment for $1500 after requiring a *remittitur* of $2500 from the verdict, which judgment, upon appeal, was affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The appellant and one W. W. King were the principal stockholders of the Moody-King Company, King being its manager. The appellant had guaranteed the notes of the Moody-King Company for the sum of $13,000, which were held by the American Trust and Savings Bank. The appellant, on January 12, 1903, assigned his stock in the Moody-

King Company to King and resigned as its president, and in consideration that appellant would pay the indebtedness of the Moody-King Company to the American Trust and Savings Bank, the Moody-King Company gave to appellant its notes for $4300; transferred to the appellant an indemnity bond of the American Credit Indemnity Company which ran to the Moody-King Company, which was valued, at the time of the transfer, at $2200; a promissory note signed by G. B. Ross and held by the Moody-King Company, for the sum of $1500, and fifty shares of the capital stock of the James Rowland Company, of the face value of $5000, the several items aggregating the sum of $13,000. February 9, 1903, a petition was filed against the Moody-King Company and it was adjudged a bankrupt, and on April 8, 1903, the appellee was appointed its trustee. Thereafter the appellant and appellee each claimed the money due upon said indemnity bond, and on December 23, 1903, the American Credit Indemnity Company filed a bill of interpleader in the circuit court of Cook county, making the appellant and appellee parties defendant, and brought the money due upon the said indemnity bond into court. The court required the appellant and appellee to interplead, and upon a trial it was held that the Moody-King Company, on January 12, 1903, was insolvent, and that the appellant had reasonable cause to believe that the transfer of said bond to him was intended to give him a preference, in violation of the Bankrupt act, and decreed that the fund brought into court by said indemnity company in satisfaction of its liability upon said bond be paid to appellee as trustee, which decree was affirmed by the Appellate Court for the First District. Thereupon this suit was brought to recover from the appellant the value of the said Ross note and Rowland stock, and judgment was rendered for the amount of the face of said note. The trial court being of the opinion the Rowland stock was worthless, it required a *remittitur* from the verdict of all above the face of said Ross note.

B. M. SHAFFNER, for appellant.

ROSENTHAL, KURZ & HIRSCHL, and EDWARD MEN-KIN, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The trial court held that the decree in the interpleader suit (the Ross note having been turned over to the appellant at the same time the indemnity bond was transferred to him) was *res judicata* of the question of the right of the appellee to recover the amount of the Ross note against appellant and instructed the jury to that effect, and the action of the court in that regard is assigned as error.

The evidence clearly shows that the indemnity bond and Ross note were transferred to the appellant at the same time and as a part of one transaction, and we are unable to see, if the appellee was entitled to the amount due upon said indemnity bond, why it is not entitled to recover the face value of said note and why the decree in the interpleader suit is not conclusive of that question in this case. It has been repeatedly held by this court that where some controlling fact or question material to the determination of a case has been adjudicated in a former suit, and the same fact or question is again at issue between the same parties, the former adjudication will, if properly presented, be controlling of the question in the latter suit, irrespective of whether the cause of action in both cases is the same or not. *Hanna* v. *Read,* 102 Ill. 596; *Potter* v. *Clapp,* 203 id. 592; *Brack* v. *Boyd,* 211 id. 290; *Merrifield* v. *Canal Comrs.* 212 id. 456.

In the *Hanna case,* on page 602, it was said: "Where the former adjudication is relied on as an answer and bar to the whole cause of action, or, in other words, where it is claimed to be an answer to all the questions involved in the subsequent action, then it must appear * * * that the

cause of action and thing sought to be recovered are the same in both suits.  The former adjudication in cases of this class is technically known as an estoppel by judgment; * * * but where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. This species of estoppel is known to the law as an estoppel by verdict, and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as matter of defense."

In the *Potter case* the heirs of James H. Clapp appeared in a proceeding in the probate court of Cook county for the allowance of a widow's award and contested the allowance of an award upon the ground that the petitioner was not lawfully married to their father.  The probate court held against the heirs upon that question.  Afterwards a bill was filed by the widow in the circuit court of Cook county for the assignment of dower in the real estate of the deceased, and it was held that the question of the marriage of the complainant and the father of the heirs was *res judicata.* The court, on page 602, said: "While the proceeding in the probate court of Cook county for the allowance of an award to the complainant was pending, the defendants, as heirs of James H. Clapp, appeared by attorney and contested her right to an award upon the ground that she was not lawfully married to James H. Clapp and was therefore not his widow.  The court held against them upon that proposition, and allowed to the complainant, as widow of James H. Clapp, a widow's award out of his estate.  The precise question presented here was presented there.  The heirs of James H. Clapp had the right to appeal from that order, and having failed to do so, we think they are bound

by the adjudication there made and cannot now attack that finding and judgment collaterally. The proceeding was, in effect, between Mary Ann Clapp and the heirs of James H. Clapp, deceased, and affected their interests only. The probate court had jurisdiction of the parties and the subject matter of the suit, and the court, in allowing to the widow an award, necessarily held that she was the lawful widow of James H. Clapp, deceased, and that judgment is binding upon the heirs until reversed in a direct proceeding."

While the bill of interpleader was filed by the indemnity company, the proceeding was, in effect, between the appellant and the appellee, and it was found in that suit that the transaction of January 12, 1903, between the appellant and the Moody-King Company created an unlawful preference in favor of the appellant, and that decree must be held to be binding upon appellant until reversed in a direct proceeding.

The parties have discussed a number of other questions in the briefs on file. We are, however, of the opinion the decree of the circuit court in the interpleader suit, as affirmed by the Appellate Court, (126 Ill. App. 68,) is conclusive of the right of the appellee to recover in this case. It will not be necessary, therefore, to consider the other questions raised upon this record.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*