THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY, Appellee, *vs.* DAVID BARRETT, Appellant.

*Opinion filed October 16, 1914.*

RES JUDICATA—*a judgment in forcible detainer does not bar action of ejectment.* A judgment in a forcible entry and detainer case adjudicates only the question of the right to immediate possession and is not a bar to an action of ejectment; nor can it be applied as an estoppel, except as to the question actually litigated and determined.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

COBURN & BENTLEY, for appellant.

JESSE B. BARTON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On the former appeal of this cause (252 Ill. 86,) it was held that the plaintiff need not go back of the decree mentioned in the opinion then rendered to prove its title as against the defendant on November 11, 1902. Upon the remandment of the cause a second trial was had, at which the decree referred to was admitted in evidence. Thereupon the defendant gave in evidence, over the plaintiff's objection, the docket and files of a justice of the peace showing a forcible entry and detainer suit by the plaintiff against the defendant for the premises here involved, begun in August, 1903, in which judgment was rendered for the

defendant in November, 1903. Judgment for the posses-
sion of the premises and for costs was rendered in favor
of the plaintiff, and the defendant appealed and now argues
that the judgment in the forcible entry and detainer suit
adjudicated that the defendant was at the time in the right-
ful possession of the premises, that the burden was upon
the plaintiff to show that the defendant remained in posses-
sion of the premises as the tenant of the plaintiff from the
time the chancery suit was begun until the time this suit
was begun, and that the judgment should have been for
the defendant.

The judgment in the forcible entry and detainer suit
was no bar to the maintenance of this action of ejectment,
for the reason that the questions involved in the two suits
are not the same. The object of the ejectment suit is to
try the title to the property, while in forcible entry and
detainer only the immediate right of possession is involved
and the title cannot be inquired into. (*Riverside Co.* v.
*Townshend,* 120 Ill. 9; *Roby* v. *Calumet and Chicago Dock
Co.* 211 id. 173.) The forcible entry and detainer suit
cannot be regarded as an adjudication of the title, and it
could be applied as an estoppel only to the point or ques-
tion actually litigated and determined. No evidence was
introduced as to any question which was litigated in that
case. It appears that the lease of December 1, 1884, was
introduced in evidence, but there is nothing to indicate what
the issue was which was submitted to the jury. The judg-
ment decided that the plaintiff was not entitled to recover
the possession on the date his complaint was filed, but so
far as appears there was no adjudication or estoppel as
to any point involved in this case. It was decided on the
former appeal that the decree was sufficient to authorize a
judgment for the plaintiff. No defense having been shown,
the judgment for the plaintiff must be affirmed.

*Judgment affirmed.*