Henry Levine, Appellee, v. Emma Levine, Appellant.

Gen. No. 36,783.

Heard in the third division of this court for the first district at the June term, 1933. Opinion filed March 14, 1934.

James F. Farley and Jesse Marcus, for appellant.

Cohen & Berke, for appellee.

Mr. Justice Wilson delivered the opinion of the court.

This is an appeal from a decree of divorce entered in the superior court in favor of the complainant, Henry Levine, against the defendant Emma Levine.

The bill charges that the complainant is an actual resident of Cook county and was for over a year prior to the filing of the bill a resident of the State of Illinois; that the parties were married October 14, 1919, and lived together until September 1, 1923, when the defendant wilfully and without reasonable cause deserted the complainant and has continued in such desertion. The defendant appeared and answered the bill and denied that the complainant was a resident of the State of Illinois; denied that she had deserted the complainant, but charged that the complainant has never conducted himself as a husband should, and in fact had deserted her, the defendant.

The amended answer further alleges that the question in issue in these proceedings was finally settled between the parties and fully adjudicated on October 26, 1927, by the probate court of Suffolk county, Massachusetts, at which time the court entered a decree for support and maintenance in favor of Emma Levine and found that the complainant herein, Henry Levine, was guilty of desertion.

The complainant testified that he lived at 616 Rush street, Chicago, Illinois, for a little over two years; that he was in the theatrical business; that in 1923 he had an apartment with two other men in the City of New York; that his wife visited him there in 1923, but returned to Boston; that in 1924, he attended her sister's wedding in Boston and that at that time his relations with the defendant were friendly; that he

was served with papers in the separate maintenance proceedings brought by Emma Levine but at that time he had no established home; that he was supposed to appear at the district attorney's office in New York City in other proceedings brought to compel him to support the defendant and child; that he appeared in the probate court in Boston at the hearing of the separate maintenance proceedings brought by his wife and was represented by counsel and was ordered and directed to pay her $30 a week; that in 1931 he was in Chicago and that he owned a car, which he had registered from his address at 110 West 48th street, New York City; that he kept an account in a bank in New York City and the preceding summer sent a check to the defendant on that bank; that he had had an account in Chicago, opened the preceding August, and that he made a federal income tax return in 1931 and gave his address as New York City.

The bill of complaint in this cause was filed on December 19, 1931. Testimony of the complainant as to his residence is not convincing.

The defendant Emma Levine testified that she lived in Boston, Massachusetts, with her husband until 1921; that in May of that year she had a child by her husband who is still living; that he wrote to her from New York, continually stating that when he had an apartment he would send for her; that in 1922 she went to New York and found he was not living at the address he had given her; that she found where he lived and 'phoned him and he then came and took her to an apartment consisting of two rooms and a kitchenette where he was living with two other men; that after two weeks the complainant told her to go back to Boston and he would look around for an apartment; that he bought her a ticket and took her to the station; that she never refused to live with him and that in 1925 he told her he was not going to live with her

any longer and advised her to get a lawyer; that they had a meeting at her lawyer's office and complainant agreed to pay her $50 a week for the support of herself and the child; that she complained to the district attorney in New York and he brought in her husband who then promised to send her some money.

Defendant introduced in evidence a certified copy of the decree of the probate court of the county of Suffolk, Massachusetts, dated October 26, 1927, which was entered in an action for separate maintenance brought by the defendant Emma Levine v. Henry Levine, also known as Henry Dunn. The court found that it had jurisdiction of the parties and that due notice of the proceedings had been given the defendant and that petitioner therein, Emma Levine, for justifiable cause was living apart from her husband, "having been deserted by him." It was further provided in said decree that the defendant should pay the sum of $30 per week until the further order of the court.

As we have already stated the defendant was served personally and appeared in court by his counsel. In 1929, the defendant in that proceeding appeared and asked to have the decree modified as he was unable to pay the amount awarded the petitioner in that proceeding.

The record in this proceeding and the testimony on behalf of the defendant, Emma Levine, shows an almost continuous effort on her part to compel the complainant to support herself and child. From the record it would appear that the claim of the complainant, that the defendant had deserted him without cause, is without merit. In our opinion, however, the decree of the probate court in the commonwealth of Massachusetts is controlling. Full faith and credit should be given by the courts of Illinois to judgments and decrees of sister States. This is especially true where there has been personal service and an entry of appearance at

the proceeding as was the fact in the case at bar. The probate court of Massachusetts had jurisdiction of the parties and the subject matter and it found in its decree for separate maintenance that the defendant, Henry Levine, did desert the petitioner in that proceeding, Emma Levine. This was a finding of fact. It is not necessary for the court to find the evidentiary facts in its decree, but it should find the ultimate fact as was done by the probate court of Massachusetts. No appeal was taken from that decree in order to test its validity and it cannot be attacked collaterally in the proceeding pending here. *Merriam v. Merriam,* 207 Ill. App. 474.

The parties to the proceeding in Massachusetts were the same as the parties here and the issue there tried was that of desertion which is the same issue as that presented to the court of this State and the act of desertion was found against the defendant there, Henry Levine, who is now complainant here. That decree was binding upon the superior court of this county and was conclusive on the question of desertion. *Janssen v. Janssen,* 269 Ill. App. 233.

Cases cited by complainant do not vary the rule. The cases requiring the decree to state the facts specifically where no evidence is prescribed were, in some instances, appeals to a reviewing court from decrees entered in this State. The case of *Hoffman v. Hoffman,* 330 Ill. 413, relied upon, shows that the decree was simply one dismissing the bill of complaint and contained no facts whatsoever.

The decree of the Massachusetts case, set up as a bar to this proceeding, found the ultimate fact necessary to support the decree in that case and stated it therein. The chancellor of the superior court was precluded from entering the decree in favor of the complainant in this cause and for the reasons stated in

this opinion, the decree is reversed and the cause is remanded to the superior court with directions to dismiss the bill.

*Judgment reversed and cause remanded with directions.*

HALL, P. J., and HEBEL, J., concur.