(No. 24431.— )
GERTRUDE BROWN, Appellee, *vs.* BERNARD A. JACOBS, Appellant.

*Opinion filed December 22, 1937.*

SABATH, PERLMAN, GOODMAN & REIN, for appellant.

ISIDORE BROWN, and SCOTT, MACLEISH & FALK, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Gertrude Brown filed in the circuit court of Cook county a complaint seeking to compel Bernard A. Jacobs to perform a contract for the sale of real estate entered into between the parties June 17, 1937. Jacobs filed a motion to strike

the complaint from the files and to dismiss the cause for want of equity. The motion was overruled. The defendant refused to file an answer and elected to abide by his motion to dismiss. A default was entered of record, the complaint taken to be true and confessed and the defendant was ordered to perform his part of the contract. The defendant prosecuted this appeal from that decree.

The contract as to which specific performance is requested relates to the proposed sale by Gertrude Brown and the proposed purchase by Bernard A. Jacobs of two lots in Chicago at the price of $25,000. It contains the usual provisions found in such written agreements. It provided for delivery to the purchaser of a complete merchantable abstract, guaranty policy or an owner's duplicate certificate of title. The vendor elected to furnish an abstract. Five hundred dollars was paid as earnest money to be applied as a part of the purchase price upon the consummation of the sale. The purchaser agreed to pay $24,500 within five days after the title was shown to be good or was accepted by the purchaser, provided a warranty deed, subject to certain conditions mentioned, should be ready for delivery to the purchaser.

The purchaser's attorneys made an examination of the abstract of title and prepared an opinion which was delivered by the purchaser to the vendor. The opinion noted several objections, all but one of which were cured or waived. The opinion states: "We find that Gertrude Brown was seized of a good title to said premises in fee simple absolute, subject to: * * * (10) General taxes for the years 1929, 1930, 1932 and 1933 are not paid in full." The plaintiff's attorneys asserted that objection No. 10 was also cured by two suits in chancery which decreed that the taxes in question had been paid in full. The difference of opinion mentioned resulted in the present suit.

No evidence was heard but the case was submitted upon the pleadings mentioned. The correctness of facts well

pleaded is admitted by the motion to strike. (*Scully* v. *Hallihan*, 365 Ill. 185.) It is, therefore, admitted by the motion to dismiss that the abstract of title shows that on March 12, 1937, the plaintiff and others filed a suit in chancery in the circuit court of Cook county questioning the validity of the taxes imposed on the property for the years mentioned, naming, as defendants, the county treasurer and *ex-officio* county collector, and the county clerk of Cook county; that an answer was filed and the cause was heard and that the court entered a decree finding that certain tax rates for the years 1928 to 1933, inclusive, as extended against the plaintiff's real estate, were illegal and void, for the reason that certain taxing districts had annually included in their levies appropriations which were fraudulent, illegal and excessive. The officials mentioned (the defendants in that suit) were enjoined from collecting or attempting to collect from the plaintiffs that portion of the taxes found to be illegal. The decree further ordered that all the forfeitures, and fifty per cent of interest which had accrued on the taxes for the years 1928 to 1932, inclusive, be waived, and that the defendants be enjoined from collecting them. It is further admitted that the abstract of title shows that on May 15, 1937, the plaintiff filed another suit in equity in the circuit court of Cook county against the county treasurer, the county clerk, the State's attorney and the county of Cook, in which a decree was entered finding that all of the real estate taxes against the lands in question, levied and assessed for the years 1929 to 1933, inclusive, together with all interest, penalties and costs lawfully due thereon, have been paid in full, and enjoining the officials named as defendants from collecting any additional taxes, interest, penalties or costs thereon for the years mentioned. The facts so recited are admitted by the pleadings, but not the conclusions that the proceedings resulted in legal decrees adjudicating that the general taxes for the years mentioned were paid in full, and that the land

was free from any lien for the taxes mentioned, penalties and costs.

It is contended by counsel for the defendant that the decrees mentioned in the abstract are void because the circuit court had no jurisdiction over the subject matter of the suits; that section 177 of the Revenue act which purports to authorize the court to waive or remit fifty per cent of accrued penalties, violates constitutional provisions in the respects hereafter mentioned, and that the act applies only to cases where the taxes have been contested in good faith in the county court. It is further contended that the decrees mentioned are void because the court had no jurisdiction over all the necessary and indispensable parties therein. The final contention is that the vendor is entitled to a decree for specific performance only upon a showing that the title which she offers to convey is good beyond a reasonable doubt. This latter contention is predicated upon the assumption or finding that the decrees are void for the reasons above mentioned.

The plaintiff contends that the court had jurisdiction of the subject matter of both chancery suits mentioned in the abstract of title and had jurisdiction of all the necessary parties; that the decrees mentioned are not subject to collateral attack, and that there is no reasonable doubt raised by objection numbered 10 in the opinion of title, in view of the facts disclosed by the record.

When the decrees in the chancery suits, mentioned in the abstract of title, were entered in the respective cases, which was previous to the date the contract here in question was entered into, section 177 of the Revenue act, as amended in 1935, permitted the waiving of one-half of the interest due on unpaid taxes in any action or proceeding wherein the validity of any tax shall have been in good faith contested, or the failure to pay the same was not wilful. (State Bar Stat. 1935, pp. 2640, 2641.) The validity of the taxes mentioned was so contested in the first of the

suits mentioned. The constitutionality of section 177 of the Revenue act as amended in 1935, (Laws of 1935, p. 1190,) has never been passed upon by this court. Counsel for the defendant cite the case of *People* v. *Jarecki,* 363 Ill. 180, as authority for their statement that the act remitting or permitting the remission of penalties is unconstitutional. That case passes upon "an act in relation to the payment in installments of unpaid, forfeited or delinquent taxes on real estate situated in counties containing 500,000 or more inhabitants." (Laws of 1935, p. 1168.) We held that act was unconstitutional because it was special legislation, applying only to Cook county, and was not a complete act in itself. It was not an amendment to section 177 of the Revenue act. The amendment of section 177 of the Revenue act in 1935, was a separate piece of legislation becoming effective at a different date from the act discussed in *People* v. *Jarecki, supra,* and was substantially different. That decision does not hold unconstitutional the amendment of section 177, and, as stated, the constitutionality of that amendment has not been passed upon by this court. So far as the record shows, the constitutionality of the amendment of section 177 of the Revenue act was not raised in either of the chancery suits mentioned in the abstract of title, both of which suits were decided in 1937. If the constitutionality of the amendment of section 177 of the Revenue act had been presented to the court in the chancery suits mentioned it would have passed upon that question. The court passed on questions based on the statute, and whether it decided rightly or wrongly with respect to the validity of the taxes and the remission of penalties, would not affect its jurisdiction to render a judgment or decree. Assuming that it decided erroneously, its decree was not void. The proper taxing and collecting agencies of the State were parties to the second of the chancery proceedings mentioned in the abstract of title. That was an injunction proceeding. A court of equity will exercise ju-

risdiction to enjoin the collection of taxes not authorized by law. Such a remedy would be proper to enjoin the collection of taxes which had been paid, or additional amounts sought to be collected. (*Bistor* v. *Board of Assessors,* 346 Ill. 362; *Peoples Gas Light and Coke Co.* v. *Stuckart,* 286 id. 164.) The final decree in the injunction suit mentioned found "That all general real estate taxes lawfully levied and assessed against the above described parcel of real estate for the years 1929 to 1933, inclusive, together with all interest, penalties and costs lawfully due thereon, have been paid in full." There is nothing in the record relative to the injunction proceeding which indicates that it was predicated upon or confined to any particular section or amendment of the Revenue statute. There is nothing to disclose that the decree may not have been entered in pursuance of the broad powers of a court of equity. No appeal was taken from either of the decrees. After the time for vacating the decrees, as provided by law, had expired, neither the taxing nor collecting officials could disregard or vacate the decrees or reimpose the penalties remitted. The decrees in the suits mentioned in the abstract of title to the land in question were not void. The court had jurisdiction to pronounce the decrees rendered. Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceeding in question belongs, and a decree rendered by a court having jurisdiction of the person and of the subject matter is not subject to collateral attack. (*Knaus* v. *Chicago Title and Trust Co.* 365 Ill. 588; *Miller* v. *Rowan,* 251 id. 344.) The final decree in the injunction suit had the effect of clearing the title of the objection referred to in the letter of opinion of the purchaser's attorneys. No appeal was taken from that decree and it is not subject to collateral attack. Since the taxes and penalties mentioned are not a lien on the land mentioned in the contract in question,

the purchaser named therein will suffer the loss of no property right by carrying out its terms.

There was no error in the decree of the circuit court in the present suit ordering specific performance of the contract, and its decree is affirmed.

*Decree affirmed.*