John P. LANGAN, Appellant,

v.

Naida LANGAN, Appellee.

No. 3243.

Court of Civil Appeals of Texas.

Waco.

May 5, 1955.

Rehearing Denied June 2, 1955.

Bryan, Maxwell, Bryan & Wilson, Waco, for appellant.

Dunnam & Dunnam, Waco, for appellee.

TIREY, Justice.

This is an appeal from an order granting divorce on behalf of Naida Langan of McLennan County against her husband, John P. Langan, a resident of the State of New York. The decree awarded the care and custody of their two minor children to appellee and fixed support awards for the children. The suit was tried without the aid of a jury, and appellant has perfected his appeal to this court. The decree is assailed on three points. They are substantially to the effect (1) that the court erred in overruling appellant's plea in abatement and entering judgment for appellee on the grounds of cruel treatment occurring prior to September 1, 1954, because the undisputed evidence showed that the Supreme Court of Monroe County, New York, had previously entered a final judgment deciding the same facts as set out in appellee's petition; (2) that the trial court erred in entering judgment for divorce grounded on the failure of appellant to support his wife and children who had previously abandoned him, in that such ground did not constitute cruel treatment of such a nature as to render their further living together insupportable under our divorce statute; and (3) that the trial court erred in entering judgment for divorce, which judgment was grounded on the court's holding to the effect that the filing of a suit by appellant against appellee for custody of their children constituted cruel treatment of such a nature as to render their further living together insupportable under our divorce statute. Appellee's counter points are to the effect that (1) she plead and proved cruel treatment under our divorce statute and that the evidence adduced was sufficient to support the court's finding to the effect that the conduct of appellant towards his wife and children constituted cruel treatment under the Texas statute and did render their further living together insupportable.

A comprehensive statement is necessary. Appellee went to trial on her First Amended Original Petition and her First Supplemental Petition and her First Trial Amendment filed November 18, 1954. In addition to the statutory requirements she alleged that she was lawfully married in May, 1945 and separated in March, 1953, and that the said separation is permanent and was caused by the conduct on the part of appellant which constituted cruel treatment. For specific acts of cruel treatment she alleged that since their marriage defendant had treated appellee in a cruel and inhuman manner; that he is addicted to drinking to excess and, while intoxicated, has been guilty of cruel, inhuman and abusive treatment of plaintiff; that commencing in November, 1952, while ap-

pellee was in the early stages of pregnancy, and for some time thereafter and up until said separation, appellant made unreasonable and unnatural forcible sexual demands upon the person of appellee and did cause her to suffer extreme mental and physical pain and personal harm; that on many occasions since the date of said marriage appellant did, without cause, strike plaintiff, inflicting upon her bodily harm and made numerous threats to inflict upon appellee bodily harm; that commencing in March, 1952, appellant caused appellee to suffer mental anguish in that he refused to speak to appellee for long periods of time, and that he on numerous occasions advised her that she was too miserable to live with; that he did not love her and that he hated her and wished that she would die, and that he wanted her to get out and go back to Texas, and that these acts and conduct on the part of appellant injuriously affected appellee's health.

Appellant first filed his original answer which contained a plea in abatement, and thereafter went to trial on his answer to appellee's First Amended Original Petition as well as his answer to the appellee's First Trial Amendment. Appellant filed a motion to take judicial notice under Rule 184a, T.R.C.P., and the court granted the motion, and in the order we find this recital: '"* * * this court * * * having been furnished * * *' with properly authenticated copies of all papers filed and judgments entered in said New York case, same being styled John P. Langan v. Naida Langan in the Supreme Court of Monroe County * * * and after having considered all of the instruments above * * * the court takes judicial notice that the laws of the State of New York are as set forth in said motion. The court further finds that the New York case referred to and the instant case was between the same parties, but constituted another and different cause of action, and that the New York proceedings are not res adjudicata of this cause, nor does it act as an estoppel against the plaintiff Naida Langan to institute the

instant case * * *." In the decree we find the following recital:

"(1) That plaintiff and defendant were lawfully married on May 23, 1945, and lived together as husband and wife until they separated on March 17, 1953;

"(2) That plaintiff and defendant have not lived and cohabited together as husband and wife since they separated on March 17, 1953;

"(3) That continuously since March 17, 1953, the plaintiff has been a bona fide resident and inhabitant of the State of Texas and was such resident and inhabitant of the State of Texas for more than twelve months next preceding the filing of this suit and that the plaintiff is a resident of McLennan County, Texas and has so resided for more than six months next preceding the filing of this suit and has continued such residence continuously since the filing of the suit;

"(4) That plaintiff and defendant have two children, namely Patricia Rose Langan, a girl, who was born on the 25th day of April, 1946, and Vera Catherine Langan, a girl, who was born on the 6th day of July, 1953; that the younger of said children was born in the State of Texas and she and her sister have continuously resided with their mother in the State of Texas since the date of her birth;

"(5) That the plaintiff's separation from the defendant on March 17, 1953, was caused and occasioned by acts and omissions on the part of the defendant constituting extreme cruelty of such nature as to render further living together by plaintiff and defendant insupportable, and that the plaintiff left the defendant for good cause and for her own welfare and protection against his conduct constituting extreme cruelty;

"(6) That the defendant has never at any time since separation contribut-

ed or offered to contribute to the maintenance and support of his children any money or other thing of value and has completely ignored, abandoned and disregarded his parental obligations and responsibilities;

"(7) That the defendant has never seen the younger of said children and has never visited with either of them since the permanent removal of plaintiff to the State of Texas on March 17, 1953, although he had the permission of plaintiff to see and visit with them at their home in the City of Waco at any reasonable time and any other reasonable time and at any other reasonable place;

"(8) That the defendant, prior to September 13, 1953, and continuously since said time has wholly ignored, violated and disregarded his parental responsibilities to said children and has been guilty of acts and omissions constituting cruel treatment of the plaintiff and of said children, which renders further living together by plaintiff and defendant insupportable, and that such living together would be detrimental to the health and welfare of the plaintiff and said children;

"(9) That the plaintiff continuously since the date of said separation and since the birth of said younger child has treated said children with kindness and affection and has amply and fully provided for their care and maintenance, and their mental, social, educational and spiritual development, and that there exists between the plaintiff and her said children the finest character of relationship that should exist between a mother and child and that the welfare and best interest of said children requires that their custody be and remain with the plaintiff;

"(10) That since March 17, 1953, defendant has wilfully failed to make or offer to make any contribution of any sort to the maintenance and care of his children and wife, and has wil-

fully and without cause brought an action in a court of another state seeking to acquire custody of and take from plaintiff her two children, which action was for the intended purpose of destroying the peace of mind and happiness and health of plaintiff, which it has done; that each of said acts since March 17, 1953, separately and cumulatively, constitute such cruelty as renders further living together by plaintiff and defendant insupportable;

"(11) That since the 13th day of September, 1953, no change or alteration has occurred in respect to the conditions affecting said children and their welfare;

"It is therefore decreed, adjudged and ordered by the Court

"(a) That the bonds of matrimony heretofore existing between said plaintiff and defendant be and the same are hereby annulled and dissolved and that the said plaintiff be and she is hereby divorced from said defendant;

"(b) That the care and custody of the above named children be and is hereby awarded to the plaintiff; * * *."

The decree then ordered the appellant to pay into the registry of the court for maintenance and support the sum of $100 a month, and also awarded to appellee's attorney the sum of $350 as attorney's fee.

The first question that must claim our attention here is: Did the trial court err in overruling appellant's plea in abatement and in holding that the proceedings in the Supreme Court of the State of New York did not constitute an estoppel by judgment and preclude the appellee from maintaining her action for divorce in the Texas courts? We think the plea in abatement was applicable only to those acts that occurred prior to September 1, 1954. This record is without dispute that appellee and appellant were married in Texas during the war and

later went to the State of New York to make their home; testimony was tendered to the effect that appellee abandoned the defendant in the State of New York because of abuse and cruel treatment and came to Texas to make her home, and that after she left the State of New York appellant filed suit in the Supreme Court of Monroe County in the State of New York for a separation agreement under the laws of the State of New York. The appellee seasonably filed her contest to appellant's separation suit and employed attorneys to represent her in the trial and the New York court entered judgment awarding to appellant a decree of separation and a finding to the effect that appellee abandoned the appellant without any real or probable cause. It is our view that the judgment entered in the New York Court disposing of the husband's separation agreement filed against appellee here adjudicated the matters in controversy as to the conduct of Mrs. Langan and her husband up until the time that decree was entered. It is also our view that under the full faith and credit clause of the Federal Constitution, Art. 4, § 1, it is our duty to give full faith and credit to a judgment entered in a sister state. This question has been written on many times and this court had occasion to review the authorities in Guercia v. Guercia, Tex.Civ.App., 239 S.W.2d 169, writ ref. n. r. e., Per Curiam opinion S.Ct. 150 Tex. 418, 241 S.W.2d 297. See also Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184, point 6, at page 188. This court also had occasion to consider the question of res adjudicata and estoppel by judgment in Grimes v. Maynard, 270 S.W.2d 282 (writ ref.) and writ of certiorari denied by S.Ct. of U. S. April 11, 1955, State ex rel. Grimes v. Board of Ed. of City of Okl., 75 S.Ct. 580, and in the disposition of this case we relied on the statement of the rule made by our Supreme Court in Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 245, wherein our Supreme Court stated the rule to be: "Where parties have had the opportunity of litigating certain issues, and a final judgment is entered in said cause adjudi-

cating those issues, it is not the policy of the law to permit a relitigation of such questions. The rule is now well settled that a judgment on an issue directly involved in a case is conclusive in a second suit between the same parties, although the second suit relates to a different subject-matter. It is also equally well settled that an issue of fact necessary for a determination of issues in a prior case, and a judgment entered therein, creates an estoppel by judgment against relitigation of the same issue." See Grimes v. Maynard, supra, and authorities there collated. This statement of the rule is in keeping with the rule announced by the Supreme Court of the United States in Harding v. Harding, 198 U.S. 317, 319, 25 S.Ct. 679, 49 L.Ed. 1066, and State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831.

█ The record here shows that the defense of cruel treatment was specifically pleaded by Mrs. Langan as a complete bar to her husband's suit against her for permanent separation in the Court of New York, this defense being pleaded under and by virtue of Section 1161 of the Civil Practice Act of the State of New York. which provides in effect that the defendant in an action for separation from bed and board may set up, in justification, the misconduct of the plaintiff, and if the decree is established to the satisfaction of the court, the defendant is entitled to judgment. The record further shows that the Supreme Court of Monroe County, New York, did, on September 1, 1954, find that appellant was not guilty of the cruel acts alleged by appellee and the appellee was forever estopped from setting up these acts as grounds for divorce in a subsequent suit. However, it is our view that the separation decree entered in the Supreme Court of New York of date September 1, 1954, is not determinative of the issue here involved for reasons hereinafter briefly stated.

█ We find that, in Mrs. Langan's trial amendment filed November 18, 1954, she alleged:

: "Defendant though financially able to do so wilfully failed and thereby imposed upon plaintiff the duty to pay the costs of doctor's bills and hospital bills for the birth and care of said child. Since legal separation, plaintiff has been and is in a highly nervous condition, physically and mentally tired and worn out and losing her health by reason of having the entire financial burden of providing for the support and care of herself and her said two children. Defendant has at all times since separation known said facts and known that plaintiff was destroying her health by working long hours in providing for the support and care of their two children. Notwithstanding such knowledge, defendant, though financially able to materially contribute to the support of his said wife and children, has wilfully failed to contribute or offer to contribute any money or other things since said legal separation to the support of plaintiff or said children, and he has never visited said children though plaintiff has offered to permit him to see and visit with them. Knowing and intending that his action would seriously aggravate plaintiff's highly nervous condition and seriously impair her health, defendant filed a motion in October of this year in a New York Court seeking to take her oldest child of six years from her, separate said child from its little sister and remove said child out of this State. Defendant has at all times known that no grounds existed or now exist to change the custody of said child and said action was brought for the sole purpose of injuring the peace of mind and health of plaintiff and harassing her and requiring her to expend what little funds she has to support her children for employment of attorneys to defend said action, all of which intended consequences have occurred. Each of the above and foregoing acts and neglect by defendant, separately and cumulatively, constitute cruel treatment of plaintiff herein and such cruel treat-

ment renders further living together insupportable and renders continuation of the marriage relation now existing intolerable and insupportable. Plaintiff shows that except for such harassing tactics and conduct on the part of the defendant, she would be able to adequately maintain said children and preserve and maintain her health, both of body and mind."

Appellant filed exceptions to the trial amendment, one exception being that the allegations show upon their face that such acts on the part of defendant did not constitute cruel treatment as that term is defined under the laws of the State of Texas, and for the further reason that such acts and conduct were not directed toward Mrs. Langan and are not personal to her and that such acts are not of such nature as to constitute cruel treatment toward Mrs. Langan. The court overruled this exception. We are in accord with the court's view in this behalf.

█ Going back to the findings set out in the decree and bearing in mind specifically Findings 6, 7, 8 and 10, we note that these findings do not exclude the acts and conduct of appellant prior to September 1, 1954, the date the decree was entered in the separation suit in the New York Court. However, we have examined very carefully the testimony adduced and it is our view that the testimony concerning the conduct of appellant, his acts of omission and acts of commission, subsequent to the separation decree, as they relate to his wife and children, is ample to sustain each of the foregoing findings, and such testimony is ample to sustain each of the allegations made in appellee's trial amendment on which she went to trial.

█ Our Supreme Court, speaking through Judge Gaines in Eatman v. Eatman, 75 Tex. 473, 12 S.W. 1107, 1108, reviewed all of the leading cases that had been written up to that date concerning cruel treatment as applied to our divorce statute and in this very able opinion we

find this statement of the rule: "It is impossible to lay down any precise rule by which to decide, under a given state of facts, whether legal cruelty does or does not exist; but we think the findings of the court show in the present instances such 'excesses, cruel treatment, and outrages' as to demand that a divorce should be granted." Moreover, our Supreme Court in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, 463, in answer to certified questions said: " * * * the excesses, cruel treatment, or outrages provided in our statute as a ground for divorce are sufficient if they are of such a nature as to render further living together insupportable, and that without regard to whether such treatment is of such a nature as to threaten the impairment of the physical health of the wife. Of course the sacredness of the marriage relation should be kept in view, and divorces should not be granted on trivial matters or disagreements." See Art. 4629, § 1, Vernon's Ann.Civ.Stats. as amended Acts 1953, 53 Leg., p. 366, chapter 91, § 1, and cases there collated.

■ Do the plaintiff's pleadings and proof bring her within the rule announced by our Supreme Court in McCullough v. McCullough, supra? We think so. Here we have plaintiff bringing suit for divorce subsequent to the birth of her last child on July 6, 1953. Her trial amendment on which she went to trial was filed on November 18, 1954, which date was subsequent to the date that the separation decree was entered in the State of New York. Assuming (as we must) that this court is precluded from considering and taking into account appellant's outrageous conduct of neglecting the support and maintenance of his two minor children prior to the

separation decree on September 1, 1954, we certainly can consider his conduct in this respect with reference to his complete and inexcusable failure to tender any support or maintenance to his wife for the support and care of his two minor children subsequent to September 1, 1954. The separation decree entered September 1, 1954, did not relieve him of the duties incumbent upon him as a father to protect and provide for his children subsequent to September 1, 1954. How he could expect his wife to have any love or respect for him, or be willing to return to his bed and board is beyond this court's comprehension. Our view is that the failure of appellant to tender any aid to his wife for the support and maintenance of his two infant children subsequent to September 1, 1954, is so outrageous and so contrary to all standards of life as to shock the conscience of the court. Even the beasts in the forests support and protect their offspring. It is our view that appellee has carried the burden imposed upon her and has fully shown that the conduct of appellant toward her, the mother of his children, and to his children, is so outrageous and is such an excess that it constitutes cruel treatment under the foregoing divorce statute here cited.

■ Because of the views herein expressed, we think the trial court erred in overruling the plea in abatement in and to the acts of cruelty complained of prior to September 1, 1954, the date of the separation agreement. However, because of the views herein expressed, this error was harmless and for that reason each of the points of appellant is overruled.

Accordingly, the judgment of the trial court is in all things affirmed.