Boyce GIBSON, Appellant,

v.

Lois M. GIBSON, Appellee.

No. 6006.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 15, 1955.

Preston E. Johnson, Liberty, for appellant.

James T. Wright, Beaumont, for appellee.

WALKER, Justice.

The appeal is from an order sustaining a plea in abatement and dismissing the suit. The suit is for divorce, by the husband against the wife, on the ground of cruel treatment, and for other relief incidental to a divorce. Appellant is the husband and appellee, the wife. By way of abatement but really in bar the wife plead a decree of an Illinois court awarding her separate maintenance and support by the husband. She alleged, in substance, that this decree determined adversely to the husband and in her favor the allegations of fact respecting her conduct which the husband made as grounds for divorce, and that this decree estopped the plaintiff to try these matters of fact again, or in other words,

that the Illinois decree proved conclusively that she had not been guilty of the acts of cruelty which the husband now charges against her. The plea in abatement was tried and sustained and the husband took this appeal.

The evidence adduced in the trial court consisted of documents and the only question of fact made by the husband's points of error is whether the Illinois decree really did adjudicate or determine the charges made by the husband as ground for divorce.

The present suit was filed on May 11, 1955. The evidence shows that on February 10, 1954, the wife filed in the Superior Court of Cook County, Illinois, a suit in equity against the husband for separate maintenance and support. The wife's bill of complaint is in evidence and by recitations in the final decree, it appears that the husband filed an answer to this bill. On May 4, 1954, the Illinois court made an order awarding the wife temporary alimony and counsel fees, and on November 18, 1954, that court rendered a final decree in the wife's favor, ordering the husband to pay to the wife $400 per month for her own support and $100 per month for the support of their daughter, and awarding the wife other relief.

The first question to be considered is the question of fact we have mentioned, whether the Illinois decree adjudicated the charges of cruelty the husband now makes against the wife as ground for divorce. Under the Illinois statute and decisions referred to below, grounds for separate maintenance existed if the wife had cause to live apart from her husband and was not at fault in so doing, and to show that these grounds existed in her favor the wife alleged in her bill of complaint, in substance, that the husband had deserted her without provocation and was himself the cause of her living apart from him. Such conduct by the husband apparently entitled her to separate maintenance. See: Decker v. Decker, 279 Ill. 300, 116 N.E. 688. More specifically, the wife alleged: (a) that she

and the husband were married on June 24, 1930, and thereafter lived together until January 24, 1954 (a period of more than twenty-three years), and that during this period she "remained a true, loving and effectionate wife;" (b) that "on or about January 12, 1954, defendant (meaning the husband) wholly disregarding his duties to plaintiff (meaning the wife) and without just provocation, abandoned and absented himself from plaintiff and the matrimonial home theretofore maintained by plaintiff and the defendant and since said date has lived separate and apart from plaintiff wholly without fault on the part of plaintiff. * * * Plaintiff and defendant had been living at 1835 Lincoln Street, Evanston, Illinois, since 1944. On January 7, 1954, plaintiff informed defendant (this is evidently an inversion of terms, it being meant that the defendant informed the plaintiff) that he had sold his practice and was going to separate from her and establish himself alone in Texas or some other southern state. Defendant refused to permit plaintiff to accompany him. Defendant departed on January 12, 1954, and went to Texas and other states in the southwest in search of a new location. Defendant returned to move his personal effects about February 5, 1954, and then reiterated abusively his determination to separate from plaintiff."

The terms of the husband's answer to the wife's bill are not in evidence. However, since the final decree describes the husband's pleading as the defendant's answer to the bill and since the final decree recites that the Illinois court heard evidence in open court at the proceeding on which the final decree was based, we infer that this pleading of the husband was at least such as put in issue the allegations in the wife's bill.

The final decree shows that there was a trial in the Illinois court, although the parties are agreed, according to statements in their briefs, that the husband did not participate in this trial. The decree recites, in substance, that the cause came on to be heard on the bill and the defendant's answer thereto and that the court heard evidence in said cause in open court, and the decree contains findings of fact which, according to the first of them, must have been based on evidence. Feyerabend v. Feyerabend, 312 Ill. 559, 144 N.E. 324 at page 325, supports our construction of this decree. These findings were the basis of the relief awarded to the wife, and in them the court determined the nature of the conduct of both husband and wife. Of said findings the following concern the wife's ground of complaint: "1. That the allegations of the complaint are substantially proven and the equities of this cause are with the plaintiff. * * * 3. That the parties hereto were lawfully joined in marriage at Merritown, Arkansas, on the 24th day of June, 1930, and lived and cohabited together until the 12th day of January, 1954. * * * 5. That defendant, without just provocation, abandoned and absented himself from plaintiff on or about January 12, 1954, wholly without fault on the part of plaintiff. * * * 6. That plaintiff is living separate and apart from defendant because of defendant's wrongful abandonment of plaintiff and without fault on the part of plaintiff." Decisions cited in this opinion show that these findings may be considered in determining what was decided by the Illinois court. Some are conclusions but others are specific enough to support the decree and to show why the court gave the wife relief.

The husband's petition in the present suit alleges the same date of marriage as did the wife's bill, that is, "on or about the 24th day of June, A.D.1930." It also alleges, as did the wife's bill, that the parties afterward lived together until the separation, and it alleges the same date for the separation of the parties as did the wife's petition, that is, "on or about the 12th day of January, A.D.1954." We attach no significance to the husband's use of the words "on or about", for he evidently refers to the same occasions as did the wife. The husband also alleges, as did the wife, that the parties had lived apart since the separation. It appears, then, that the allegations of the wife's bill and of the husband's petition all refer to the same period of time

and, so, accordingly, do the findings of the Illinois court. The only difference in allegation between the parties which is material to this appeal is the reason given for the separation; in contrast to the wife's charge of desertion, the husband alleged that he was "compelled to leave and separate from" the wife on the date stated "because of the cruel and harsh treatment, excessive and outrageous conduct" of the wife. It is unnecessary to summarize the husband's charges in detail; he alleges a course of conduct by the wife toward him which began several years before the separation and continued until that time. In substance, his complaint is that the wife drove him from their home, without fault or provocation by him, and this, as our description of the wife's bill shows, is the converse of the charge made against him by the wife.

■ Such being the record in the wife's suit and such being the husband's petition in this, we hold that the Illinois decree adjudicated in favor of the wife, by necessary implication, the matters of fact which the husband alleges in this suit as ground for divorce. Disregarding findings which are conclusions, the Illinois court made the specific findings of fact that the husband "without just provocation abandoned and absented himself" from the wife on the date both parties allege for the separation "wholly without fault on the part" of the wife, and that the wife was "living separate and apart" from the husband because of the latter's "wrongful abandonment" of the wife. As we have stated, these specific findings refer to the same period of time and they refer to the same occasions as do the charges which the parties have made against each other, and are in flat conflict with the husband's charges against the wife. For if the husband abandoned the wife "without just provocation" by her, and if the wife was living apart from the husband "because of (his) wrongful abandonment" of her, he simply deserted her for his own reasons and it was impossible for her to have been guilty of the cruelty charged against her by him. These findings describe and determine the nature

of the conduct of both parties, the husband's as well as the wife's, during the period of time and on the occasions alleged in the petition of the husband and show, not merely that the wife had cause to live apart from her husband and was not at fault in doing so, but why she had cause and was not at fault, and the matters alleged by the husband as ground for divorce cannot be true if these findings are:

As we have indicated, the facts alleged by the wife in her bill of complaint and found by the Illinois court in its final decree were necessary to the support of that decree. The wife's suit and the relief awarded her therein were based on a statute, the terms of which we take from a quotation in the husband's brief. So far as material, this statute provides that "married * * * women who, without their fault, now live or hereafter may live separate and apart from their * * * husbands may have their remedy in equity, in their own names * * * against their said * * * husbands in the Circuit Court of the county where * * * the husband resides, for a reasonable support and maintenance while they so live or have so lived separate and apart." S. H.A.Ill. ch. 68, § 22. Other statutes and session laws of Illinois are not available to us, but from the reports of Illinois courts it appears that the provision quoted originated with a statute enacted in 1867 and seems to have been in force since that time. See: Ross v. Ross, 69 Ill. 569 at page 571; Harding v. Harding, 198 U.S. 317, 25 S.Ct. 679, 49 L.Ed. 1066, p. 1070; Amberson v. Amberson, 349 Ill. 249, 181 N.E. 825 at page 826; Schneider v. Schneider, 312 Ill.App. 59, 37 N.E.2d 911 at page 914; Holmstedt v. Holmstedt, 383 Ill. 290, 49 N.E.2d 25 at page 28.

The opinion in Johnson v. Johnson, 125 Ill. 510, 16 N.E. 891, is a leading decision concerning the facts which determine a wife's right to separate maintenance and support under this statute and the meaning of the word "fault" in the quotation from the statute made above. The court said, at 16 N.E. 892: "To maintain her bill, it was necessary for the complainant to show,

not only that she had good cause for living separate and apart from her husband, but also that such living apart was without fault on her part. At common law the husband was liable in an action at law at the suit of any person furnishing to the wife necessaries suitable to her condition in life, if the wife was residing apart from him because of his willful and improper treatment of her, or by his consent. 2 Kent, Comm. 146; Evans v. Fisher, 5 Gilman [569] 571. No right of action existed in the wife; courts of equity refusing to take cognizance at her suit, and enforce the legal obligation of the husband to maintain her. 2 Story, Eq.Jur. § 1422. The statute was passed to remedy this defect in the law, and gave the right to the wife to maintain her bill for separate maintenance, but restricted the right to cases where the living separate and apart from the husband was without her fault. The 'fault' here meant and contemplated, is a voluntary consenting to the separation, or such failure of duty or misconduct on her part as 'materially contributes to a disruption of the marital relation.' If she leave the husband voluntarily, or by consent, or if her misconduct has materially induced the course of action on the part of the husband upon which she relies as justifying the separation, it is not without her fault, within the meaning of the law." The discussion in Umlauf v. Umlauf, 117 Ill. 580, 6 N.E. 455 at page 457, shows how a wife may have good cause for living apart from her husband yet be at fault, and so not entitled to separate maintenance by the husband, in wrongfully provoking the husband's actions.

As our discussion of the parties' various pleadings shows, the wife charged in her suit that the husband deserted her, and the husband charges in the present suit that her cruelty drove him away. In Holmstedt v. Holmstedt, 383 Ill. 290, 49 N.E.2d 25, at page 30, the Illinois Supreme Court stated: "It has been held that a reasonable cause which justifies a husband or wife to desert or abandon the other must be such as would entitle the party guilty of abandoning the other to a divorce." And according to the wife's brief, "extreme and repeated cruelty" is a ground of divorce in Illinois.

■■ It is apparent from our comments that the facts found by the Illinois court were supported by the wife's bill of complaint and were in issue between the parties, unless we are to say that the husband confessed the facts in his answer, and that these facts were judicially determined by the Illinois court at a proceeding which was a trial on the merits. There is actually nothing to the contrary, and we would have to assume, this suit being collateral to that of the wife, that the Illinois decree was supported by proper pleadings and evidence. Comments made show that the Illinois court had jurisdiction of the subject matter. It also appears—the matter is discussed below—that the Illinois court had jurisdiction of the husband's person and that this jurisdiction is shown by matters of record. In such a case the Illinois courts apply presumptions in support of a judgment or of a decree in equity collaterally attacked, as do our own. See: People ex rel. Baird & Warner v. Lindheimer, 370 Ill. 424, 19 N.E.2d 336; Cullen v. Stevens, 389 Ill. 35, 58 N.E.2d 456; Brown v. Jacobs, 367 Ill. 545, 12 N.E.2d 10; Katz v. Berkos, 316 Ill.App. 569, 45 N.E.2d 566; Horn v. Metzger, 234 Ill. 240, 84 N.E. 893; Murphy v. Murphy, 343 Ill. 234, 175 N.E. 378; Figge v. Rowlen, 185 Ill. 234, 57 N.E. 195; Anderson v. Anderson, 380 Ill. 435, 44 N.E.2d 54; Ward v. Sampson, 395 Ill. 353, 70 N.E.2d 324; Baker v. Brown, 372 Ill. 336, 23 N.E.2d 710.

■ We are now brought to the question, what effect should be given the Illinois decree in the present case. It is held in Illinois that the determination of a fact in one judicial proceeding, which is in issue between the parties and is necessary to support the judgment or final order made, binds the parties and their privies in a subsequent judicial proceeding in which the same fact has a similar materiality to the judgment or final order to be made, although the second differs from the first as respects cause of action, relief prayed for, and the court in which it is

tried. The principle applied is one of estoppel, which is termed an estoppel by verdict by way of distinguishing it from the effect which a judgment has as a bar of a second suit on the same cause of action. The following decisions state and apply the rule or elements or incidents of it: Hanna v. Read, 102 Ill. 596; Tilley v. Bridges, 105 Ill. 336; Attorney General v. Chicago & E. R. Co., 112 Ill. 520; Brack v. Boyd, 211 Ill. 290, 71 N.E. 995; Chicago Title & Trust Co. v. Moody, 233 Ill. 634, 84 N.E. 656; Chicago Terminal Transfer R. Co. v. Barrett, 265 Ill. 46, 106 N.E. 430; Mahannah v. Mahannah, 292 Ill. 133, 126 N.E. 573; People ex rel. Mercer v. Wyanet Electric Light Co., 306 Ill. 377, 137 N.E. 834; Winkelman v. Winkelman, 310 Ill. 568, 142 N.E. 173; Hoffman v. Hoffman, 330 Ill. 413, 161 N.E. 723; Healea v. Verne, 343 Ill. 325, 175 N.E. 562, and with this, Potter v. Clapp, 203 Ill. 592, 68 N.E. 81; Little v. Blue Goose Motor Coach Co., 346 Ill. 266, 178 N.E. 496; Neill v. Chavers, 348 Ill. 326, 180 N.E. 825; Barry v. Commonwealth Edison Co., 374 Ill. 473, 29 N.E.2d 1014; Skolnik v. Petella, 376 Ill. 500, 34 N.E.2d 825; Reilly v. Agriculture Ins. Co., 311 Ill.App. 562, 37 N.E.2d 352; Van Dolman v. Van Dolman, 378 Ill. 98, 37 N.E.2d 850; Katz v. Berkos, 316 Ill.App. 569, 45 N.E.2d 566. It is held in Harding v. Harding, 198 U.S. 317, 25 S.Ct. 679, 49 L.Ed. 1066, that the same estoppel attaches to a consent decree in Illinois, and in Lee v. Hansberry, 372 Ill. 369, 24 N.E.2d 37, at page 39 [Headnote 5], the court held that res judicata applied to a fact established by stipulation. The decision was reversed at 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, but the rule stated can be accepted as applicable to cases where the agreement was rightly made.

■  As a result it is not material here that the wife's suit in Illinois involved a cause of action or relief different from that asserted and claimed by the husband in the present suit, or that the husband's suit involves issues different from those involved in the wife's suit, or that in Illinois proceedings for separate maintenance and suits for divorce may be tried in different courts.

■  Some of the decisions cited above show that the fact determined, to come within the estoppel, need not be determined in so many words if it be necessarily determined by or included in the finding made. Thus in Attorney General v. Chicago & E. R. Co., 112 Ill. 520, at page 539, the court said: "This doctrine (estoppel as to a particular fact or question) is limited to matters necessarily involved in the litigation, but it is equally applicable whether the point was, itself, the ultimate vital point or only incidental, but still necessary to the decision of that point." And in Chicago Title & Trust Co. v. Moody, 233 Ill. 634, 84 N.E. 656, 657, it appeared that the bankrupt had assigned several items of property to Moody and that the obligor of one item, a bond, had brought an interpleader suit against Moody and the bankrupt's trustee. The trustee, in this earlier suit, was awarded the amount due on the ground that the assignment of this item was a preference. The second suit was then brought by the trustee against Moody to recover the value of other items assigned to Moody at the same time. The Supreme Court of Illinois held that the judgment in the interpleader suit estopped Moody to deny that the entire transaction was a preference, saying: "The evidence clearly shows that the indemnity bond and Ross note were transferred to the appellant at the same time and as a part of one transaction, and we are unable to see, if the appellee was entitled to the amount due upon said indemnity bond, why it is not entitled to recover the face value of said note, and why the decree in the interpleader suit is not conclusive of that question in this case." In Hanna v. Read, 102 Ill. 596, it appeared that the first suit determined that a deed to certain land was set aside for the grantor's insanity. It was contended that this did not operate as an estoppel in the suit before the court, in which the validity of a deed to other land, made at the same time by the same grantor, was attacked on the same ground, because

it would be a mere inference that the condition which invalidated the deed first attacked existed and invalidated the deed attacked in the suit before the court. The contention was denied. See: 102 Ill. 603–605. Under these decisions, I see no reason why, if we have correctly construed the Illinois decree in the wife's suit, the findings in said decree should not be a compliance with the rule stated in Hoffman v. Hoffman, 330 Ill. 413, 161 N.E. 723, 726 (Headnotes 5, 6); the court there was not purporting to overrule the decisions cited or others like them.

Of course, if there were any supposable situation in which both the facts found by the Illinois court in the wife's suit and the husband's allegations against the wife could be true, the findings would not adjudicate the matters alleged by the husband and the estoppel contended for by the wife would not exist, but as our comments above show we have not been able to suppose of any situation in which said findings and the husband's allegations can be reconciled.

■ These rules concerning estoppel would bar the husband from trying again in this suit the charges of cruelty he makes against the wife if they be applicable to a decree for separate maintenance as to other final decrees, and it appears that said rules are applicable to a decree for separate maintenance. The effect which a decree rendered in a proceeding for separate maintenance shall be given in a second suit between the parties has been considered in several Illinois decisions. See: Wahle v. Wahle, 71 Ill. 510; Umlauf v. Umlauf, 117 Ill. 580, 6 N.E. 455; Hoffman v. Hoffman, 316 Ill. 204, 147 N.E. 110; Hoffman v. Hoffman, 330 Ill. 413, 161 N.E. 723; Van Dolman v. Van Dolman, 378 Ill. 98, 37 N.E.2d 850. None of these is in point on the facts, but it is apparent from all that a decree rendered in a separate maintenance proceeding can create an estoppel by verdict under appropriate circumstances, and it is, in effect, so held in the earlier of the Hoffman Decisions at 147 N.E. 113, and in the Van Dolman case, at 37 N.E.2d 823. The Supreme Court of the United States so held in Harding v. Harding, 198 U.S. 317, 25 S.Ct. 679, 49 L.Ed. 1066. The opinions in Merriam v. Merriam, 207 Ill.App. 474, and Levine v. Levine, 274 Ill.App. 354, are not available to us, but are summarized at 138 A.L.R. 377. These decisions are instances of the estoppel under consideration and afford some support for our own conclusion. The concluding paragraph of the Illinois decree states that the court retains jurisdiction "for the purpose of enforcing and modifying this decree as future circumstances may require" but it is apparent from the decisions cited and from the many instances of appeals from decrees granting or denying separate maintenance which we have seen that the decree in the Illinois suit had such finality as the rules of res judicata require.

■ We have referred to the fact that the parties agree, according to their briefs, that the husband did not appear, in person or by counsel, at the final proceeding in the wife's suit. It is not clear to us that the husband is contending that these facts affect the validity of the Illinois decree or the question, what estoppel shall be attached to that decree under the Illinois law, but we hold that these facts are immaterial according to the evidence before us. The record shows that the Illinois court had jurisdiction of the husband's person. The wife alleged that both she and the husband were residents of the county of suit, Cook County, Illinois. On the date when the bill was filed a summons to the husband was issued and was served on him by an officer of the county of suit, apparently at a hospital in Evanston (the husband is a physician) according to a notation on the officer's return, and finding 2 in the final decree is that "at the time of the filing of this action, defendant (meaning the husband) resided in the city of Evanston, County of Cook and State of Illinois". Nothing in the husband's petition questions the correctness of this finding. In addition to these matters, the husband filed an answer to the wife's bill of complaint. We have mentioned the fact

that the Illinois court heard evidence and that said court's findings were based upon evidence. We have to assume that this evidence was true. Under these circumstances and since this suit is collateral to that of the wife, Steffens v. Steffens, 408 Ill. 150, 96 N.E.2d 458, is in point against the husband. Furthermore, it appears from the dissenting opinion in Hanna v. Read, 102 Ill. 596 at page 616, that the losing party in the previous suit had withdrawn her counsel during the trial of that suit, and from the majority opinion, at page 608, that it was contended in behalf of this party on the second trial that she was insane when she did this. However, the majority adjudged this to be a collateral attack on the validity of the first decree and so overruled it.

The Full Faith and Credit Clause of the Federal Constitution and the Act of Congress implementing that provision require us, in this suit, to apply to the Illinois decree the Illinois rule of estoppel by verdict which we have stated. See: Art. 4, Sec. 1, of the constitution; 28 U.S.C.A. § 1738; Harding v. Harding, 198 U.S. 317, 25 S.Ct. 679, 49 L.Ed. 1066; Hartford Life Ins. Co. v. Ibs, 273 U.S. 662, 35 S.Ct. 692, 59 L.Ed. 1165, at pages 1168 and 1170. See also: Riley v. New York Trust Co., 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885; Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149; Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488. It is not necessarily material, under these decisions, that the cause of action determined by the Illinois decree is one for which the law of Texas makes no provision, and we note that in Langan v. Langan, Tex.Civ.App., 279 S.W. 2d 680, the Court of Civil Appeals attached to a New York decree for separate maintenance the estoppel which, the wife contends, should be attached to the Illinois decree. To the same effect, see: Kirby v. Kirby, 143 Kan. 430, 55 P.2d 356, by the Supreme Court of Kansas. The husband strongly contends that we should give to the Illinois decree the effect which, he says, is given such decrees by the courts of some other states but, in substance and effect, the law controlling our decision is that of Illinois if we can determine it.

These comments determine the judgment to be rendered. The judgment of the trial court is affirmed.